# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BENJAMIN FRANKLIN,<br><br>*Plaintiff*,<br><br>v.<br><br>TWIGGS COUNTY, GEORGIA,<br>and Sheriff DARREN MITCHUM,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:23-cv-00183-TES |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Benjamin Franklin's Motion for Reconsideration [Doc. 14], asking the Court to reconsider its prior Order [Doc. 12] and Judgment [Doc. 13] granting Defendants' dismissal motion. Because Plaintiff once again fails to assert any arguments that go beyond mere conclusory statements, or otherwise meet the high standard for vacating judgment under Rule 59(e), the Court **DENIES** his Motion.

## LEGAL STANDARD

At the outset, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010));

*see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522, at *1 (M.D. Ga. Oct. 24, 2017). Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).

The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). Plaintiff seems to be alleging the third circumstance. [Doc. 14, ¶¶ 18–19].

## DISCUSSION

Plaintiff's Motion "simply rehashes the same arguments previously considered by the Court" before it issued its Order dismissing Plaintiff's case. *Talley v. Hous. Auth. of Columbus, Ga.*, No. 5:09-CV-308 (CAR), 2014 WL 12711868, at *1 (M.D. Ga. Sept. 5, 2014). Indeed, some of Plaintiff's arguments are directly copied from his previous

filings.[1] Plaintiff makes two[2] "new" arguments in this Motion. First, that he adequately pled a § 1985 claim that is more than an Open Records Act Violation; and second, that his § 1983 claim also included Fourth and Fourteenth Amendment violations. [Doc. 14, ¶¶ 11–12, 16]. As an initial matter, a "post-judgment Motion for Reconsideration is an improper mechanism to attempt to amend [a] complaint." Order Denying Motion for Reconsideration, *Williams v. Kilgore*, No. 5:11-cv-319-MTT (M.D. Ga. Mar. 1, 2012), ECF No. 11, p. 1 n.1. However, the Court briefly addresses Plaintiff's arguments in turn.

For Plaintiff's first argument, he recites the factors of a § 1985 claim, then simply alleges that "it is clear that accepting the facts alleged, as being true, a § 1985 claim has been set forth." [*Id.* at ¶¶ 10, 11]. Once again, Plaintiff's conclusory statements without specific, detailed factual support are insufficient to establish a claim, much less meet the high burden of a Rule 59 motion. *See McCullough v. Finley*, 907 F.3d 1333 (11th Cir. 2018).

For Plaintiff's second argument, he asserts that "the Complaint sets forth a set of allegations involving violations of his Fourth Amendment and Fourteenth Amendment Rights against unreasonable searches and seizures[.]" [Doc. 14, ¶ 16]. However, in

---

[1] *Compare* [Doc. 11, ¶ 19], *with* [Doc. 14, ¶ 9 ("The Open Records Act of Georgia can be allowed to be covered by Supplemental jurisdiction if the Open Records Act claim is related to the Section 1983 case or controversy." (citing *Ford v. City of Oakwood Ga.*, 905 F. Supp. 1063 (N.D. Ga. 1995)].

[2] Plaintiff also included language that local governments can be found liable under § 1983 only when the local government causes the constitutional violation at issue. [Doc. 14, ¶ 17]. However, the Court is unsure of what the Plaintiff is trying to argue. If anything, this language hurts Plaintiff's arguments because the Sheriff's office, not the local Twiggs County government, is responsible for the events leading to Plaintiff's complaint.

Plaintiff's Complaint [Doc. 1], he failed to allege any facts to support a violation of those rights. Indeed, he never alleges that he or his car were ever searched or seized longer than the length of the typical DUI checkpoint. As Defendants point out, Plaintiff never alleged "he was *not* free to leave." [Doc. 10-1, p. 3]. Plaintiff merely alleged—in his response to Defendants' dismissal motion—that "[t]here was no probable cause to arrest the Plaintiff and there was no reasonable suspicion that the Plaintiff had been involved in criminal activity, so he never should have been detained." [Doc. 11, ¶ 14]. Aside from being improperly asserted in a brief opposing dismissal, Plaintiff's allegations are mere legal conclusions not supported by adequate factual assertions.

Additionally, courts routinely uphold the constitutionality of DUI and other similar checkpoints without requiring probable cause or reasonable suspicion. *See United States v. Holloman*, 113 F.3d 192, 195 (11th Cir. 1997) ("The Supreme Court has decided that properly implemented roadblocks may withstand constitutional scrutiny[.]"); *United States v. Regan,* 218 F. App'x 902, 904 (11th Cir. 2007) (upholding the constitutionality of DUI checkpoints); *see also Mich. Dep't of State Police v. Sitz*, 496 U.S. 444, 445 (1990); cf. *United States v. Gordo-Marin*, 497 F. Supp. 432, 435 (S.D. Fla. 1980).

Regardless, even if the officers' actions did constitute a seizure, Plaintiff failed to outline why ***these*** Defendants are responsible for any alleged constitutional violation the officers committed on the scene. As the Court previously noted, Plaintiff's Complaint failed to outline "***any*** causal connection between [Twiggs County or]

4

Mitchum and his alleged constitutional violations." [Doc. 12, p. 14].

## CONCLUSION

In sum, Plaintiff reargues old positions that the Court considered and addressed in its prior Order. Plaintiff's new arguments, similar to his previous filings, do not support a need to correct clear error or manifest injustice. Accordingly, Plaintiff's Motion fails to outline any reason the Court should vacate its prior Order or Judgment and the Court **DENIES** Plaintiff's Motion to Reconsider [Doc. 14].

**SO ORDERED**, this 26th day of July, 2023.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**